# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LOIS WHITE,

     Plaintiff,

v.

WORLD MARKET STORES, INC., a California corporation,

     Defendant.

Case No. 1:25-cv-00521

Hon.

/

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Lois White, through his undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by World Market Stores, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

1

## PARTIES

3.    Plaintiff is a resident of Cook County, Illinois.

4.    Defendant is a California corporation with its registered office located at 2900 West Road, Suite 500, East Lansing, MI 48823.

5.    Upon information and belief, Defendant owns or operates "World Market" whose location qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates the above paragraphs by reference.

7.    Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8.    At the time of Plaintiff's initial visit to World Market (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9.    Plaintiff's condition is degenerative and requires occasional use of mobility aids to her movement.

3

10.    Plaintiff regularly travels to Michigan to visit friends and shop, and has plans to return to Michigan between June 6th and 8th, 2025.

11.    When Plaintiff visits Michigan, she spends time in the Kalamazoo area to enjoy the numerous stores and restaurants in the area.

12.    Plaintiff shops at the Facility due to its close proximity to the hotels Plaintiff stays at when traveling to the area and shopping.

13.    Plaintiff encountered barriers to access at the Facility, which denied her full and equal access and enjoyment of the services, goods and amenities.

14.    Plaintiff is currently deterred from considering the Facility as a shopping option on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

15.    Plaintiff is a customer of Defendant and would return to the Facility in June 2025 if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

16.    Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

17.    Plaintiff incorporates the above paragraphs by reference.

18.    This Court is empowered to issue a declaratory judgment regarding:
(1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply
with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove
architectural barriers at the Facility; and (4) Plaintiff's right to be free from
discrimination due to his disability. 28 U.S.C. § 2201.

19.    Plaintiff seeks an order declaring that he was discriminated against on
the basis of her disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

20.    Plaintiff incorporates the above paragraphs by reference.

21.    The Kalamazoo Facility is a place of public accommodation covered
by Title III of the ADA because it is operated by a private entity, its operations
effect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

22.    Defendant is a public accommodation covered by Title III of the ADA
because it owns, leases (or leases to), or operates a place of public accommodation.
See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

5

23.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

24.     Plaintiff personally encountered architectural barriers on March 7, 2025 6601 S. Westnedge Ave. B, Portage, MI 49002:

a. Women's Restroom No. 1:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

    ii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the leverage she needs to open the door.

    iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying

6

to reach under the sink.

    iv. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

b.  Women's Restroom Stall:

    i.  Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which prevents Plaintiff from safely grasping the operable part and causes strain on Plaintiff's injuries.

    ii.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the leverage she needs to open the door.

    iii. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and therefore strains her back and knee injuries as she

needs the grab bars for assistance getting onto and off of the toilet.

iv. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which causes unnecessary strain on Plaintiff's injuries to use the dispenser.

v. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

vi. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's injuries.

vii.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

viii.    Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's back injury.

25.    These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating her injuries.

26.    Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the Facility.

27.    Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

28.    Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

29.    Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations

located at the Facility due to the barriers and other violations listed in this Complaint.

30.    It would be readily achievable for Defendant to remove all of the barriers at the Facility.

31.    Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

A.    declare that the Facility identified in this Complaint is in violation of the ADA;

B.    enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D.    award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E.      grant any other such relief as the Court deems just and proper.


Respectfully Submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears

Angela C. Spears (P82653)
Cass Law Group, P.C.
20015 S. La Grange Road, #1098
Frankfort, IL 60423
T: (872) 329-4844
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: May 5, 2025

11